UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY JANE WILDE | CIVIL ACTION |
| VERSUS | NO. 15-1486 |
| HUNTINGTON INGALLS INC., ET AL. | SECTION "L" (5) |

## **ORDER & REASONS**

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 4). Having read the parties briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

Plaintiff Mary Jane Wilde filed this case in the Civil District of Orleans and alleges that she was exposed to asbestos when she washed and handled the work clothes of her father, two brothers, and husband. (Rec. Doc. 1-1). This exposure, Plaintiff alleges, resulted in Plaintiff contracting mesothelioma. Pertinent to this motion, Plaintiff's father, Percy Legendre Sr., worked at Avondale Shipyard from 1943 to 1945. In her petition, Plaintiff asserts the following theories of recovery: negligence, failure to warn, strict premises liability, and strict custodial liability.

The case proceeded in the Civil District of Orleans and was scheduled to go to trial on June 22, 2015. On May 5, 2015, Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.) ("Avondale") removed this case to this Court under the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1). In support of its Notice of Removal, Avondale articulated that on April 7, 2015, Plaintiff's expert industrial hygienist, Gerard Baril,

forwarded reliance materials to Avondale that, for the first time, provided notice that Avondale built two vessels for the United States Marine Commission during 1943-1945, the time that Plaintiff's father worked at Avondale.  (Rec. Doc. 1 at 3).  Avondale thus avers that this Court has jurisdiction pursuant to the Federal Officer Removal Statute because Plaintiff asserts claims based on Avondale's "mere use and installation of asbestos," and the "use and installation of asbestos-containing products to those vessels was done pursuant to orders from the United States Marine Commission."   (Rec. Doc. 1 at 5-6).  Moreover, Avondale states that the United States government also promulgated specific safety rules, regulations, and requirements for ship building.  (Rec. Doc. 1 at 6).

Plaintiffs filed the present Motion to Remand and asked this Court to consider the motion on an expedited basis, explaining that the trial was scheduled for June 22, 2015 and Plaintiff's doctors have notified her that she will not likely live past six to eight months.  (Rec. Doc. 4-1 at 1).  The Court granted the motion to expedite and will now consider the Motion to Remand.

**II.     PRESENT MOTION  (Rec. Doc. 4)**

Plaintiff argues that this Court does not have jurisdiction pursuant to the Federal Officer Removal Statute and avers that this Court, along with other Eastern District judges, have rejected identical removal arguments put forth by Avondale.  (Rec. Doc. 4-1 at 2).  While Avondale cited two Middle District of Louisiana cases as support for removal, Plaintiff contends that this Court refused to follow those cases in *Granier v. Northrop Grumman Ship Systems, Inc.*  (Rec. Doc. 4-1 at 3-4) (citing No. 06-3738, 2008 WL 5216213 at *3 (E.D. La. Dec. 12, 2008) (Fallon, J.)).  Moreover, Plaintiff notes that courts have rejected Federal Officer Removal arguments for Navy shipbuilders based solely on evidence that the Navy required contractor-builders to follow Navy military plans and specifications.  (Rec. Doc. 4-1 at 6).

2

Looking to the specific facts of this case, Plaintiff avers that "Avondale employees did not work under the direct orders or direction of a U.S. Navy inspector" and that the government did not monitor or enforce safety regulations. (Rec. Doc. 4-1 at 10). Rather, Plaintiff contends that "[t]he Navy was…[just] a customer [ ] like any other customer of Avondale." (Rec. Doc. 4-1 at 11). Based on these facts, Plaintiff argues that Avondale cannot satisfy any of the three requirements set forth by *Mesa v. California,* 489 U.S. 121 (1989). (Rec. Doc. 4-1 at 11). As further support, Plaintiff cites to the deposition of former Navy ship inspector at the Avondale Shipyards, Felix Albert, who testified that "[t]he United States government inspectors neither monitored nor enforced safety regulations. On the job safety during the construction of vessels for the United States government was the responsibility of Avondale Shipyards' safety department." (Rec. Doc. 4-1 at 11).

Avondale opposes the motion. Avondale acknowledges that the Eastern District of Louisiana judges have rejected Avondale's early attempts to remove asbestos cases under the Federal Officer Removal Statute. (Rec. Doc. 9 at 4). Nevertheless, Avondale contends that this Court should review the logic put forth by the Middle of District of Louisiana in cases where judges denied remand when faced with similar arguments.

In support of removal, Avondale highlights that Plaintiff asserts "(1) a use of asbestos claim; (2) a claim of strict premises liability on allegations that Avondale premises was made defective by the presence of asbestos-containing materials; (3) a claim of strict custodial or *garde* liability for the ownership and/or custody and control of the asbestos-containing materials at Avondale." (Rec. Doc. 9 at 2) (internal citations omitted). Based on these theories of recovery, Avondale contends that the case satisfies the federal direction and causal requirement, or the second *Mesa* element, because the United States Maritime Commission provided the plans and

3

specifications for the vessels and thus required the asbestos materials to be present at Avondale's shipyard.  (Rec. Doc. 9 at 8).  Avondale notes that although Plaintiff relies on a long line of Eastern District cases in her motion, the Middle District of Louisiana rejected those cases in *LaLonde v. Delta Field Erection*.  (Rec. Doc. 9 at 13) (citing 1998 WL 34301466 (M.D. La. Aug. 6, 1998)).

Looking to the third *Mesa* element, Avondale contends that it has a colorable federal defense based on the standard set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).  Avondale argues that it conformed to the precise vessel specifications that were drafted and approved by the U.S. government, and the U.S. Government's ultimate acceptance of these vessels following extensive inspections corroborates this point.  (Rec. Doc. 9 at 16).  Avondale further contends that there is no evidence that Avondale knew of any dangers in using asbestos about which the United States government was not aware.  (Rec. Doc. 9 at 16-17).

Plaintiff replies.  Plaintiff notes that in *Granier v. Northrop Ship Systems, Inc.*, this Court rejected the logic in *Melford v. Territo* and *McFarlain v. Northrop Grumman Systems Corp.*, two cases from the Middle District of Louisiana that Avondale cites in its opposition.  (Rec. Doc. 16 at 1).  Indeed, Plaintiff contends that the arguments in *Granier* mirror those presented to the Court with this motion, and Avondale was even the *Granier* defendant who asserted the same removal arguments.  (Rec. Doc. 16 at 2).  Plaintiff thus stresses that this Court rejected the identical arguments for an identical Plaintiff.  (Rec. Doc. 16 at 2).

Focusing on Plaintiff's strict liability claims, Plaintiff argues that she does not allege that Avondale is strictly liable because it had asbestos in its possession, as asbestos is not inherently dangerous.  Rather, "[i]t is Avondale's failure to use the asbestos properly which gives rise to [P]laintiff's claim."  (Rec. Doc. 16 at 3).  Plaintiff contends that the only difference between a

4

negligence claim and a strict liability claim under Louisiana law is that for Plaintiff to prove strict liability, Plaintiff is not required to show Avondale knew of the defect.  (Rec. Doc. 16 at 3).

Avondale, with leave of court, filed a supplemental opposition.  Avondale asserts that the United States built the shipyard "Facilities" for the construction of the subject federal vessels, and during Percy Legendre, Sr.'s employment with Avondale, the United States Maritime Commission owned the Facilities and all of the asbestos-containing insulation used by Commission subcontractors who worked on the vessels.  (Rec. Doc. 18 at 1).  Plaintiff responds and argues that Avondale knew the government owned the Facilities prior to the receipt of Mr. Baril's reliance documents, thus rendering the removal untimely pursuant to 28 U.S.C. 1446.  (Rec. Doc. 24 at 1).  Regardless, Plaintiff argues, the federal government's ownership of the Facilities does not warrant federal jurisdiction because it is not sufficient to satisfy the causal nexus requirement.

### III.  LAW AND ANALYSIS

#### a.  The Standard

The removing defendant carries the burden of showing the existence of federal jurisdiction.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.3d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The Defendant bases its removal on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides, in pertinent part:

> (a)  A civil action . . . commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1)  The United States . . . or any officer *(or any person acting under that officer)* of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C.  1442(a)(1) (emphasis added).

Though generally remand to state court is favored when removal jurisdiction is questionable, removal jurisdiction under the Federal Officer Removal Statute must be broadly construed.  *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see also Watson v. Philip Morris Companies,* 551 U.S. 142 (2007) (internal citations omitted).  The Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction.  *See Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992).

However, liberal construction does not mean that the statute's broad language should be interpreted to imply limitless application.  *Watson*, 551 U.S. at 3 (reviewing statutory history, context, purpose and language and finding that the fact that a federal agency directs, supervises, and monitors a company's activities in considerable detail does not bring a company within the scope of the statute's language).  As the purpose of this statute is to provide a federal forum in cases where federal officials are entitled to raise a defense arising out of their official duties*,  see Arizona v. Manypenny*, 451 U.S. 232, 241 (1981); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998), the United States Supreme Court has consistently repeated that the "statute authorized removal by private parties 'only' if they were authorized to act with

6

or for federal officers or agents in affirmatively executing duties under...federal law." *Watson*, 551 U.S. at 7.

The Federal Officer Removal Statute only confers jurisdiction if the removing defendant can demonstrate that (1) the contractor is a "person" within the meaning of the statute; (2) the contractor acted pursuant to a federal officer's directions when committing the acts that allegedly give rise to the injury at issue (the "causal nexus prong"); and (3) the contractor can assert a colorable defense (the "colorable defense prong"). *Id.* at 397 (citing *Mesa v. California*, 489 U.S. 121 (1989)). In the present case, the parties do not dispute that the removing Defendant, Avondale, is a "person" for purposes of the statute. *See Winters*, 149 F.3d at 398 (holding that corporate entities qualify as "persons" within the statute's meaning). The Court will thus turn to the next element, the causal nexus prong.

      b. **Causal Nexus Requirement**

Plaintiff argues that the Court lacks jurisdiction over her "failure to warn" claims and those claims that collapse under a strict liability theory. Although Avondale premises its removal on Plaintiff's strict liability claims, the Court will address Plaintiff's failure to warn arguments.

      c. **Failure to Warn Claims**

Plaintiff dedicates much of her motion to the argument that there is no federal jurisdiction based on Plaintiff's failure to warn claims. This Court agrees. As noted by this Court in *Cole v. Northrup Grumman Ship Systems, Inc.*, the defendant must show that they acted pursuant to a federal officer's directions when committing the acts that allegedly gave rise to the injury at issue to satisfy the causal nexus prong of the *Mesa* elements:

7

> **[A] line of factually-similar cases decided in this District and one from California [have] held that the removing defendant could not prove that the federal government restricted the defendant's ability to warn the plaintiff(s) of asbestos' dangers**. *See Gauthe v. Asbestos Corp.,* 1997 WL 3255 (E.D.La.1997); *Porche v. Flexitalic, Inc.,* 1996 WL 603919 (E.D.La.1996); *Savoie v. Northrop Grumman,* No. 05-2086 (E.D.La.2005); *Mouton v. Flexitallic, Inc.,* 1999 WL 225438 (E.D.La.4/19/99); *Guidroz v. Anchor Packing,* No. 98-3709 (E.D.La .1999); and *Overly v. Raybestos-Manhattan,* 1996 WL 532150 (N.D.Ca.1996). These cases held that, in the context of failure to warn, **the government, at a minimum, had to provide some level of direct control over warnings and the defendant failed to establish that this was the case.** This in turn negated the existence of a causal nexus because the defendant could not show that the government's direction and control of activities directly interfered with the defendant's ability to fulfill its state law obligation to warn employees of safety hazards. *See Maryland v. Soper,* 270 U.S. 9, 22, 46 S.Ct. 185, 70 L.Ed. 449 (1926) ("There must be come causal connection between what the officer has done under asserted federal authority and the state prosecution. It must appear that the [state] prosecution has arisen out of the acts done by the officer under color of federal authority and in enforcement of federal law.").

No. 07-3049, 2008 WL 2651428, at *4 (E.D. La. July 7, 2008) (footnotes omitted). In *Gauthe*, for example, the Court remanded to state court, noting that "there is no evidence that the Government restricted or prohibited Avondale's ability to notify individuals of the presence of asbestos in the work environment. Assuming that Avondale built ships under the direct supervision of the federal government, nothing about that supervision prevented Avondale from warning Mr. Gauthe about the dangers." *Gauthe*, 1997 WL 3255, at *3. The court in *Gauthe* rejected the defendant's argument that the nexus requirement was met solely on the grounds that it was complying with the requirements of the government contract. Rather, the *Gauthe* court required more than some degree of government control over warnings to establish the nexus prong. Even where the government closely supervises the government contract, that close supervision is not alone sufficient for a finding that the causal nexus requirement is met. *See Creighton v. Fleetwood Enterprises, Inc*., 07-7194, 2009 WL 1229793, at *3 (E.D. La. May 5, 2009) (Vance, J.).

8

Here, Avondale put forth only evidence that Avondale constructed the vessels according to U.S. Navy plans and specifications, which does not rise to the level of federal control necessary to satisfy the causal nexus requirement. Further, Avondale does not proffer any additional evidence to show that the government restricted or prohibited Avondale's ability to warn of the asbestos dangers. There is therefore no federal question jurisdiction based on Plaintiff's failure to warn claims.

### d. Use of Asbestos/Strict Liability/*Garde* Claims

Avondale premises removal on Plaintiff's use of asbestos, strict liability, and *garde* claims. Avondale contends that these three theories of liability merely require that Plaintiff show Avondale had asbestos in its possession, and since the U.S. Navy dictated the materials Avondale used in constructing its vessels, the facts satisfy the causal nexus prong. To prove strict liability under Louisiana law prior to 1996, the plaintiff bore the burden of proving three elements: (1) that the thing which caused the damages was in the care, custody, and control (garde) of the defendant; (2) that the thing had a vice, ruin, or defect that presented an unreasonable risk of harm; and (3) that the vice, ruin, or defect was the cause-in-fact of the plaintiff's damages. *See* La. Civ. Code Art. 2317; *Comardelle v. Pennsylvania Gen. Ins. Co., No.* No. 13-6555, 2014 WL 6639550, at *2 (E.D. La. Nov. 21, 2014) (Affrick, J.); *Cologne v. Shell Oil Co.,* No. 12–735, 2013 WL 5781705, at *5 (E.D.La. Oct. 25, 2013) (Fallon, J.) (quoting *Dupree v. City of New Orleans,* 765 So.2d 1002, 1008 (La.2000)). "The defendant's inability to know or prevent the risk is not a defense in a strict liability case but precludes a finding of negligence." *Sistler v. Liberty Mut. Ins. Co.*, 558 So. 2d 1106, 1112 (La. 1990) (citing *Entrevia v. Hood,* 427 So.2d 1146 (La.1983)). "Strict liability requires the plaintiff to prove that the vice or defect of the thing is a condition which poses an unreasonable risk of harm to others." *Oubre*

*v. Union Carbide Corp.,* 99-63 (La. App. 5 Cir. 12/15/99), 747 So. 2d 212, 226 (La. Ct. App. 1999).

Avondale presented this Court with an identical argument in its opposition to a motion to remand in *Granier v. Northrop Ship Systems, Inc.* In that case, Avondale argued that since strict liability is premised on the *garde*, or possession, of asbestos, the facts satisfied the causal nexus element because the government mandated that Avondale use asbestos material in the Navy vessel contracts and specifications.  No. 06-3738, Rec. Doc. 102 at 4.  In support of its argument, Avondale directed the Court to the Middle District of Louisiana's rulings in *Melford v. Peter Territo, et al.*, *McFarlain v. Northrup Grumman Systems Corp., et al.*, *Letha Kluka v. Anco Insulations, Inc., et al.*, and *Keith Hornbeck, et al. v. Anco Insulations, Inc., et al.*  No. 06-3738, Rec. Doc. 102 at 4.

This Court rejected Avondale's argument in *Granier*, finding that the plaintiff's claims sounded in negligence and not in strict liability.  This Court stated:

> Although the Defendants urge the Court to find that the Plaintiffs in the instant action urge strict premises liability claims similar to those in *McFarlain*, the Court finds that the Plaintiffs' claims do not support the exercise of jurisdiction pursuant to the Federal Officer Removal Statute.  *See, e.g., Savoie v. Northrop Grumman Ship Sys., Inc.*, No. 05-2086, at * 5 (E.D. La. July 13, 2005) (finding that similar claims did not support the exercise of federal jurisdiction under the Federal Officer Removal Statute).  In *Savoie*, the court found that claims similar to those in the instant action were "based solely upon Territo's and Avondale's failure to use asbestos safely and not based simply upon their use of asbestos. Their claims are based on negligence .... [and are not] construed to impose a mode of strict liability which, upon the showing of causation, is absolute and unconditional." *Id.* (internal citations omitted).  The Court agrees with the reasoning in *Savoie* and finds that the Plaintiffs' claims are not merely based on the simple fact that the Defendants used asbestos, but rather on the allegation that, while incorporating asbestos into their operations, the Defendants negligently failed to take the proper safety precautions.

2008 WL 5216213 at *3.

The Court reaches the same conclusion in the instant case. Plaintiff's claims do not hinge on the fact that Avondale possessed asbestos, as the mere possession of asbestos did not allegedly cause Plaintiff's injury, but Plaintiff rather claims that Avondale's failure to properly handle the asbestos material caused her injury. In other words, Avondale's failure to use the asbestos safely, and *not the mere use* of asbestos, gives rise to Plaintiff's claims. This distinction, as highlighted by this Court in *Granier* and the *Savoie* court, takes the claims out of strict liability and renders them claims based on negligence.

Since these claims center on how Avondale chose to handle the asbestos, the evidence put forth by Avondale fails to satisfy the causal nexus requirement for these theories of liability. It is evident that the U.S. Navy mandated the materials used in constructing the vessels, and Avondale asserts that the federal government owned the Facilities.[1] *See* Rec. Doc. 1-4, Depo. Gerard Balil, April 9, 2015 (testifying that Avondale had to construct the navy vessel according to the Navy specifications, including materials); Rec. Doc. 1-3, Bidding Specifications, August 1941. Nevertheless, Avondale fails to present the Court with evidence that the Navy mandated *how* Avondale handle these materials. Avondale's supplemental opposition in which it emphasizes the Federal Government's alleged ownership of the Facilities does not substantiate any claim of government control over Avondale's use of asbestos. The level of necessary

---

[1] The Court is troubled by the fact that Avondale relies on these "Facilities contracts," which must have been in Avondale's possession well before Avondale removed this case, as support for removal. This would likely render Avondale's removal untimely pursuant to 28 U.S.C. 1446 (b)(3). Plaintiff urges this argument in her opposition to Avondale's supplemental opposition, but neither party provides the Court with any evidence as to when Avondale accessed these "Facilities contracts" or when Avondale first obtained the information. Although the Court thinks it is likely that this occurred well before the thirty days prior to May 5, 2015, the day when Avondale removed this case, the Court is hesitant to address the argument without any hard evidence. Moreover, the point is moot as the Court concludes remand is appropriate regardless of this fact.

government control was discussed in the prior section, and drawing upon that discussion, it is evident that Avondale fails to put forth any evidence that the government controlled how Avondale used the asbestos. Such evidence is necessary to satisfy the causal nexus requirement, and accordingly, Avondale fails to satisfy the causal nexus requirement regarding the "use of asbestos/strict liability/*garde* claims."

The Court also notes that remand in this case is especially appropriate because the trial date in this case is one month away. To retain this case would extend resolution which has been delayed; indeed, the causes of action in this case stem from incidents that occurred over sixty years ago. Any further delay would also prejudice the Plaintiff who is *in extremis*.

## IV.   CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 4) is **GRANTED**.

New Orleans, Louisiana this 21st day of May, 2015

_____
UNITED STATES DISTRICT JUDGE